IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JAMES A. BATES**                                                                    PLAINTIFF

V.                                       CASE NO. 5:19-CV-5014

**BENTONVILLE POLICE CHIEF JON SIMPSON;
DETECTIVES JERROD WISEMAN, ANDY
OLIVER, THOMAS BOYLE, KRIS MOFFIT, and
JOSHUA WOODHAMS; CAPTAIN JUSTIN
THOMPSON; DR. CHARLES P. KOKES; and
KRISTINE COLLINS HOMAN**                                                DEFENDANTS

### ORDER

There are five ripe motions currently before the Court. The Court held a hearing on October 9, 2020, took up each of the motions, and issued its rulings from the bench. This Order memorializes the Court's rulings; however, to the extent there is any discrepancy between this Order and the rulings from the bench, this Order controls.

The first motion before the Court is a Motion for Extension of Time to Complete Discovery filed by the Plaintiff, James Bates. (Doc. 62). Separate Defendants John Simpson, Jerrod Wiseman, Andy Oliver, Thomas Bole, Kris Moffit, Joshua Woodhams, and Justin Thompson (collectively, the "Bentonville Defendants") filed a Response in Opposition to the Motion (Doc. 64), as did separate Defendant Kristine Homan (Doc. 65). Plaintiff was granted leave to file a Reply in Support of the Motion (Doc. 74). This Reply elicited further responses from the Bentonville Defendants (Doc. 72) and separate Defendant Dr. Charles Kokes (Doc. 69). Plaintiff then filed a Supplemental Reply (Doc. 80). The Court took up the Motion during the hearing on October 9, and Plaintiff's counsel

stated on the record that the Plaintiff withdrew the Motion. Therefore, Plaintiff's Motion for Extension of Time to Complete Discovery is deemed **WITHDRAWN**.

The Court took up the specific issue of the disclosure of tissue samples raised in Plaintiff's Reply (Doc. 74) and to which Dr. Kokes and the Bentonville Defendants responded (Docs. 69 & 72, respectively). The Court **DIRECTS** Defendant Kokes to provide said tissue slide(s) to Plaintiff's expert by no later than October 16, 2020.[1]

Second, the Bentonville Defendants filed two Motions to Compel third parties to produce documents requested via subpoena *duces tecum*. The Bentonville Defendants seek information regarding the decedent's life insurance policy from Prudential Insurance Company of America ("Prudential"). (Doc. 70). They also seek the Plaintiff's employment file from J.B. Hunt Transport, Inc./J.B. Hunt Transport Services ("J.B. Hunt"). (Doc. 71). At the hearing, Plaintiff objected to the timeliness of the request but did not challenge the

---

[1] Plaintiff contends that until recently he had no notice about the existence of tissue specimens taken from the decedent or that tissue slides had been prepared from those samples and examined under a microscope. More to the point, Plaintiff complains that the existence of tissue samples and/or slides was not disclosed in the criminal case, nor in this civil case until very recently. In its discussion of this issue from the bench, the Court observed that the existence of tissue *specimens* had to have been known to Plaintiff because the Histology section of the autopsy report describes visual findings upon examination of tissue specimens. In his recent deposition, Dr. Kokes (reportedly) relied on tissue *slides* as a basis for his opinion that a homicide was the most likely cause of death. During the hearing, the Court's understanding was that the slides in question had not been prepared and examined by Dr. Kokes until recently, and thus that portion of Dr. Kokes's opinion might not have been timely disclosed. After further review of the autopsy report, the Court now realizes that its assumptions may have been wrong. The Court assumed that the tissue description in the autopsy report was based on gross visual observation, as contrasted with a more recent microscopic analysis of previously non-disclosed tissue slides. However, the term "histology" itself is defined as the *microscopic* analysis of tissues. *See* https://www.merriam-webster.com/dictionary/histology, last visited October 14, 2020. Accordingly, it follows that the preparation and existence of tissue slides contemporaneous with the autopsy may have been implicit and obvious to Plaintiff's medical experts. The Court withdraws any stated assumptions to the contrary.

2

Bentonville Defendants' right to obtain the specific information they seek. Since the subpoenas were served well in advance of the discovery deadline, the Court rejected Plaintiff's objection as to timeliness. The Bentonville Defendants are entitled to continue pursuing past the discovery deadline a response to subpoenas that were timely served.[2]

The Court **DEFERS RULING** on the Motions to Compel third parties (Docs. 70 & 71). Instead, the Court **ORDERS** J.B. Hunt to **APPEAR AND SHOW CAUSE** by October 22, 2020, why it should not be compelled to produce a complete certified copy of James Bates's employment file to the Bentonville Defendants. However, if the requested documents are produced by that date, J.B. Hunt will not be required to appear and show cause. The Bentonville Defendants are instructed to serve this Order upon both the registered agent and the general counsel's office of J.B. Hunt.

Similarly, the Court **ORDERS** Prudential to **APPEAR AND SHOW CAUSE** by October 22, 2020, why it should not be compelled to produce the full life insurance policy of Victor Collins, Claim # 11592917, including but not limited to the Declaration Page, information about claims against the policy, and information about any payouts under the policy. However, if the requested documents are produced by that date, Prudential will not be required to appear and show cause. The Bentonville Defendants are instructed to serve this Order upon both the registered agent and the general counsel's office of Prudential.

---

[2] In fact, to the extent Plaintiff's complaint seeks wage loss damages, he should have provided Defendants with a release to obtain his employment records at the time of his Rule 26(a) initial disclosures. *See* the Initial Scheduling Order, Doc. 14 at paragraph 3, which incorporates Schedule G of the required form of reporting on the parties Joint Rule 26(f) Report.

3

The Bentonville Defendants also filed a Motion to Compel Discovery Responses from Mr. Bates (Doc. 73). Plaintiff filed a Response in Opposition (Doc. 81). The Motion is **GRANTED**, the time to object to any particular discovery request has expired, and Mr. Bates is hereby **DIRECTED** to serve his responses to the Bentonville Defendants' discovery requests on or before October 16, 2020.

The final motion before the Court is Plaintiff's Motion to Quash a subpoena served by the Bentonville Defendants to Verizon (Doc. 75) and a Memorandum Brief in Support (Doc. 76). The Bentonville Defendants filed a Response in Opposition (Doc. 78). As discussed during the hearing, Plaintiff's Motion to Quash (Doc. 75) is **GRANTED**. Instead, Plaintiff is directed to obtain and provide the following items to the Court for *in camera* review: a full transcript of Dr. Larry Blum's deposition taken on October 6, 2020; a full video recording of the same deposition, if such a recording exists; and the complete contents of any and all incoming and outgoing SMS/text messages and any other messages via any method sent to or received from Dr. Blum's cellular phone on October 5, 6, and 7, 2020.

Finally, to the extent that any of the motions before the Court contained requests for fees or other sanctions, the Court **DISMISSES** those requests without prejudice. Any party that believes it is entitled to fees or other sanctions should file a separate motion for such and the Court will take it up.

In summary, Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 62) is **DEEMED WITHDRAWN**. The Court **DEFERS RULING** on the Bentonville Defendants' Motion to Compel Prudential (Doc. 70) and Motion to Compel J.B. Hunt (Doc.

4

71). The Bentonville Defendants' Motion to Compel discovery responses (Doc. 73) is **GRANTED**. Plaintiff's Motion to Quash (Doc. 75) is also **GRANTED**.

**IT IS SO ORDERED** on this 15th day of October, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE